IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**VESTER LEE PATTERSON,**

Petitioner,

**v.**

**STU SHERMAN, Warden,**

Respondent.

Case No. 1:15-cv-00053 LJO MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

**[Doc. 13]**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Stu Sherman, Warden of California Substance Abuse Treatment Facility is represented in this action by Krista Pollard, of the Office of the Attorney General for the State of California.

## I. BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, upon pleading guilty on April 27, 2011 to a count of forcible rape and a count of forcible oral copulation, both of which occurred in 1997. On May 9, 2011, Patterson was sentenced of thirty two years in state prison. Petitioner did not appeal the conviction.

Petitioner proceeded to file a petition for writ of habeas corpus with the California

Supreme Court on September 25, 2014.[1] The petition was denied on December 17, 2014.

On December 26, 2014[2], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On March 16, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to state a cognizable legal claim. (Mot. to Dismiss, ECF No. 13.) Petitioner filed an opposition to the motion to dismiss on April 8, 2015, and Respondent filed a reply to the opposition on April 17, 2015. (ECF Nos. 18-19.)

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 &

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on September 29, 2014, pursuant to the mailbox rule the Court considers the petition filed on September 25, 2014, the date Petitioner signed the petition.

[2] Although the petition was filed on January 12, 2015, pursuant to the mailbox rule the Court considers the petition filed on December 26, 2014, the date Petitioner signed the petition.

n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period under 28 U.S.C. § 2244(d)(1) and for failure to state cognizable claims. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 26, 2014, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. Here, Petitioner plead no contest and was sentenced on May 9, 2011. Petitioner did not appeal the resentence. Consequently, Petitioner's conviction became final sixty days after he was resentenced when the time for filing a direct appeal expired on July 9, 2011. Cal. Rules of Court 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The AEDPA statute of limitations began to run the following day, on July 10, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from July 10, 2011, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until December 26, 2014, over two years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

**C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on July 10, 2011. Petitioner filed a state habeas petition on September 25, 2014, in the California Supreme Court. As the year limitations period expired on July 10, 2012, the state habeas petition was filed over two years after the limitations period expired. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The present petition was filed on December 26, 2014, over two years after the expiration of the year statute of limitations period. The instant federal petition is untimely.

While not specifically stated, it appears that Petitioner argues that the limitations period was tolled based on his inability to discover the factual predicate of his claim until the denial of his state habeas petition on December 17, 2014. 28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001), (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010) (reversed on other grounds) (citing Starns v. Andrews, 524 F.3d 612, 618-19 (5th Cir. 2008); Wilson v. Beard, 426 F.3d 653, 660-62 (3d Cir. 2005); Moore v. Knight, 368 F.3d 936, 939-40 (7th Cir. 2004); Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000)); see also Holland v. Florida, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010);

Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010); DiCenzi v. Rose, 452 F.3d 465, 470 (6th Cir. 2006).

To the extent Petitioner argues that his claims were not discoverable until he received a response to his administrative appeal and subsequent denial of his state habeas petition, his argument is without merit. In this petition, Petitioner presents challenges to the duration of his sentence. As Respondent correctly notes, the duration of Petitioner's sentence is governed by courts of the county of conviction. Accordingly, no response from the correctional facility regarding his challenges to the duration of his sentence would serve as the basis of a later discovery of the factual predicate. The factual predicate of his claims challenging the duration of sentence were revealed to Petitioner at the time of his sentencing in 2011. Petitioner does not benefit from the later commencement of the statute of limitations based on a later discovery of the factual predicate. Petitioner's claims remain untimely.

**D. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

## III. FAILURE TO STATE COGNIZABLE CLAIMS

Respondent, in his motion to dismiss, also asserts that Petitioner's claims failed to state federally cognizable claims. As the federal petition is untimely, for the sake of judicial efficiency, the Court shall not determine whether Petitioner's claims are cognizable.

///

## IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Moreover, Petitioner is not entitled to statutory or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## V. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: April 28, 2015

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE