IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VESTER L. PATTERSON,**<br><br>Petitioner,<br><br>v.<br><br>**STU SHERMAN, Warden,**<br><br>Respondent. | Case No. 1:15-cv-00053 LJO MJS (HC)<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>**[Doc. 37]** |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On September 16, 2015, the undersigned dismissed the petition as untimely under 28 U.S.C. § 2244(d). On November 24, 2015, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b). (ECF No. 32.) On February 25, 2016, Petitioner filed a supplemental motion for reconsideration. (ECF No. 34.) On March 21, 2016, Petitioner filed a motion for a decision on the motion for reconsideration. (ECF No. 35.) The Court denied all three motions on March 24, 2016 as Petitioner did not present any new arguments that would entitle him to relief.

    On June 17, 2016 Petitioner filed the instant motion to vacate the judgment. (ECF No. 37.) Respondent filed an opposition to the motion on June 28, 2016. (ECF No. 38.)

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not set forth any arguments or evidence that have not already been considered by this Court. The Court finds that its prior ruling that the petition was untimely and required to be dismissed was correct. Petitioner has not argued that his petition was timely filed or that he is excused from timely filing based on statutory or equitable tolling. As Petitioner has not presented any arguments as to why the finding of the Court regarding the timeliness of the Petition was incorrect, he is not entitled to post-judgment relief.

Accordingly, Petitioner's motion to vacate the judgment is DENIED. (Doc. 37.)

IT IS SO ORDERED.

Dated:   **September 27, 2016**            /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE

2