1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

**VESTER L. PATTERSON,**

Petitioner,

13

v.

14

15

**STU SHERMAN, Warden,**

16

Respondent.

17

Case No. 1:15-cv-00053-LJO-MJS

**ORDER DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY**

**(Doc. 51)**

18

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19

corpus under 28 U.S.C. § 2254.

20

        On September 16, 2015, this Court dismissed the petition as untimely and declined

21

to issue a certificate of appealabilty. (Order, ECF No. 30.)  Judgment was entered the

22

same day.

23

        Petitioner then filed three separate motions to vacate the judgment. (ECF Nos. 32,

24

37, 40.) The Court denied the first two, however, Petitioner filed the present appeal to

25

the Ninth Circuit before the Court could address the third motion. It appears that

26

Petitioner is appealing the Court's denial of his second motion to vacate the judgment.

27

(ECF Nos. 39, 44.) On November 8, 2016, the Ninth Circuit remanded the case for the

28

limited purpose of determining whether a Certificate of Appealability should issue. (ECF No. 51.)[1]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the

---

[1] While the order of the Ninth Circuit was filed on November 8, 2016, it was not filed on this Court's electronic docket until November 28, 2016.

merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

On September 27, 2016, this Court dismissed Petitioner's motion to vacate the judgment. The Court based its dismissal on the fact that Petitioner did not present any new argument why the Court was incorrect for dismissing his petition. Petitioner contends that his claims challenge the duration of his confinement, not his conviction, and therefore are timely. However, the Court addressed and denied those claims in its order finding the petition untimely. (See, ECF No. 20 at 6.) As Petitioner presented no new argument as to how the Court erred in finding his petition untimely, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the Court DENIES the motion, and DECLINES to issue a certificate of appealability. The Court ORDERS the Clerk of Court to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **November 30, 2016**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE