IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VESTER L. PATTERSON,**<br><br>Petitioner,<br><br>v.<br><br>**STU SHERMAN, Warden,**<br><br>Respondent. | Case No. 1:15-cv-00053 LJO MJS (HC)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR APPLICATION FOR RELEASE**<br><br>**ORDER GRANTING MOTION TO AMEND TO NAME PROPER RESPONDENT AND MOTION REQUESTING A DECISION**<br><br>**[Docs. 40, 42, 47, 50]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 16, 2015, the undersigned dismissed the petition as untimely under 28 U.S.C. § 2244(d). On November 24, 2015, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b). (ECF No. 32.) On February 25, 2016, Petitioner filed a supplemental motion for reconsideration. (ECF No. 34.) On March 21, 2016, Petitioner filed a motion for a decision on the motion for reconsideration. (ECF No. 35.) The Court denied all three motions on March 24, 2016 as Petitioner did not present any new arguments that would entitle him to relief.

On June 17, 2016 Petitioner filed a second motion to vacate the judgment. (ECF

1

Case 1:15-cv-00053-LJO-MJS   Document 55   Filed 03/23/17   Page 2 of 3

No. 37.) The Court denied the motion on September 27, 2016. (ECF No. 39.)

On October 13, 2016, Petitioner filed a motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). (ECF No. 40.) Respondent did not file an opposition to the motion. As the Court has already ruled on the merits of the petition, the Court shall construe the filing as a motion to alter or amend the judgment under Federal Rules of Civil Procedure § 59(e) or a motion for reconsideration pursuant to Rule 60(b).

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American Ironworks & Erectors Inc. v. North American Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner does not set forth any arguments or items of evidence that have not already been considered by this Court in its rulings on Petitioner's two prior motions for reconsideration. The Court's prior ruling that the petition was untimely and had to be dismissed was correct. Petitioner has not argued that his petition was timely filed or that he is excused from timely filing based on statutory or equitable tolling. As Petitioner has

2

not presented any arguments as to why the finding of the Court regarding the timeliness of the Petition was incorrect, he is not entitled to post-judgment relief. Petitioner's motion to amend the judgment is DENIED.

Petitioner has filed several other motions. First, he moves to amend the caption to name Joel Martinez, the Warden of Sierra Conservation Center, as the properly named Respondent. (ECF No. 42.) The motion to amend is GRANTED, and Joel Martinez is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Petitioner next filed a motion for his release on bail pending appeal. (ECF No. 50.) Petitioner's appeal was denied on January 11, 2017. (ECF No. 54.) As this Court has denied his petition for writ of habeas corpus and the Ninth Circuit Court of Appeals has denied his appeal, Petitioner has not presented good cause to show that he is entitled to release on bail. The motion is DENIED.

Finally, Petitioner filed a motion and request for a decision on November 21, 2016. (ECF No. 50.) As this order adjudicates the issues raised in his other motions, his motion requesting a decision is GRANTED.

Accordingly, it is ordered that Petitioner's motions to alter or amend the judgment and for release on bail pending appeal are DENIED. (ECF Nos. 40, 57.) Petitioner's motions to amend the caption to name the proper Respondent and motion requesting a decision are GRANTED. (ECF No. 42, 50.)

IT IS SO ORDERED.

Dated: **March 23, 2017**        /s/ Lawrence J. O'Neill
                                 UNITED STATES CHIEF DISTRICT JUDGE